JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS<br>Rhonda Mack, 741 Wood Duck Ct., Middletown, DE 19709<br>Carla Williams, 140 Willow Oak Blvd., Bear, DE 19701 | DEFENDANTS<br>William Schreffler; TWIN OAKS TOWING & AUTO SERVICE, INC.;<br>TWIN OAKS TOWING &REPAIR INC. |
|---|---|
| (b) County of Residence of First Listed Plaintiff    New Castle (Delaware)<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Delaware (Pennsylvania)<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Peter K. Janczyk, Esquire<br>EDELSTEIN MARTIN & NELSON, LLP<br>123 South Broad Street, Suite 1820; Philadelphia, PA 19109 | Attorneys *(If Known)*<br>Unknown |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 05/14/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ PETER K. JANCZYK, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Rhonda Mack, 741 Wood Duck Ct., Middletown, DE  19709; Carla Williams, 140 Willow Oak Blvd., Bear, DE  19701

Address of Defendant: WILLIAM SCHREFFLER 1319 Plum Street, Upper Chichester, Pennsylvania 19061. TWIN OAKS TOWING & AUTO SERVICE, INC and TWIN OAKS TOWING & REPAIR, INC, 147 CONCHESTER HIGHWAY TWIN OAKS PA 19014.

Place of Accident, Incident or Transaction: Bethel Road and Route 322 East in Upper Chichester, Pennsylvania

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/14/2019 _____   _____   201657
                *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                  *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Rhonda Mack, 741 Wood Duck Ct., Middletown, DE 19709; Carla Williams, 140 Willow Oak Blvd., Bear, DE 19701

Address of Defendant: WILLIAM SCHREFFLER 1319 Plum Street, Upper Chichester, Pennsylvania 19061. TWIN OAKS TOWING & AUTO SERVICE, INC and TWIN OAKS TOWING & REPAIR, INC, 147 CONCHESTER HIGHWAY TWIN OAKS PA 19014.

Place of Accident, Incident or Transaction: Bethel Road and Route 322 East in Upper Chichester, Pennsylvania

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/14/2019  _____  201657
                  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
  *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
                       *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

RHONDA MACK AND
CARLA WILLIAMS                             :                    CIVIL ACTION

v.
WILLIAM SCHREFFLER
AND TWIN OAKS TOWING &
AUTO SERVICE INC. and TWIN    :                    NO.
OAKS TOWING & REPAIR, INC

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         ( )

| MAY 14, 2019 | PETER K. JANCZYK | PLAINTIFFS |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215)731-9900 | (215)731-1146 | pjanczyk@law-pa.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHONDA MACK and CARLA WILLIAMS<br>    *Plaintiffs,*<br><br>v.<br><br>WILLIAM SCHREFFLER AND TWIN OAKS TOWING & AUTO SERVICE INC. and TWIN OAKS TOWING & REPAIR, INC.<br>    *Defendants* | :<br>:<br>: C.A. No.<br>:<br>:<br>: TRIAL BY JURY DEMANDED<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

### PARTIES

1.  Plaintiffs, RHONDA MACK AND CARLA WILLIAMS are both residents of the State of Delaware.

2.  Defendant, WILLIAM SCHREFFLER is an adult individual and a resident of Pennsylvania, residing at 1319 Plum Street, Upper Chichester, Pennsylvania 19061.

3.  Defendant, TWIN OAKS TOWING & AUTO SERVICE, INC., is a Pennsylvania Corporation which may be served at 147 CONCHESTER HIGHWAY TWIN OAKS PA 19014.

4.  Defendant, TWIN OAKS TOWING & REPAIR, INC. is a Pennsylvania Corporation which may be served at 147 CONCHESTER HIGHWAY TWIN OAKS PA 19014.

## JURISDICTION

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332.

6. The amount in controversy exceeds the minimum threshold amount of Seventy Five Thousand Dollars, exclusive of interests and costs, as mandated by 28 U.S.C. § 1332.

7. Plaintiff and Defendant are citizens of different states.

8. Venue is proper in the Eastern District of Pennsylvania as the accident and all events associated with same occurred in the Eastern District.

## ALLEGATIONS

9. At all material times herein Defendant, WILLIAM SCHREFFLER was operating a vehicle which at all times material herein was owned by defendants TWIN OAKS TOWING & AUTO SERVICE INC. and TWIN OAKS TOWING & REPAIR, INC.

10. At all material times herein Defendant WILLIAM SCHREFFLER was the servant, agent or employee of the Defendant, TWIN OAKS TOWING & AUTO SERVICE INC. and TWIN OAKS TOWING & REPAIR, INC., and acting with the scope and course of that relationship.

11. On or about May 14, 2017 Plaintiffs were occupying a vehicle located in the area of Bethel Road and Route 322 East in Upper Chichester, Pennsylvania. The

defendant driver, operating a tow truck negligently backed into the plaintiff's vehicle causing them to sustain injuries more fully described below.

## COUNT I
### NEGLIGENCE
### PLAINTIFF, RHONDA MACK V. DEFENDANT, WILLIAM SCHREFFLER

12. Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 11 inclusive as fully as though the same were herein set forth at length.

13. The aforesaid collision and Plaintiff's resulting damages were proximately caused by the negligence of Defendant, William Schreffler in that he:

(a) Failed to properly operate and safely control his vehicle;

(b) Failed to give full time and attention to the operation of his vehicle;

(c) Failed to control the speed of his vehicle so as to avoid the collision;

(d) Failed to control the speed of his vehicle so as to avoid colliding with another vehicle;

(e) Operated his vehicle in a careless and imprudent manner;

(f) Operated his vehicle at an unreasonable speed under the conditions then existing, without regards to the actual and potential hazard then existing;

(g) Failed to keep safe distance, specifically failed to properly back up;

(h) Operated his vehicle in a reckless manner;

(i) Operated his vehicle in an aggressive manner, in violation of the above statute;

(j) Failed to observe the position of Plaintiffs' vehicle occupied by the Plaintiffs when backing back

      (k)      Operated its vehicle in excess of the time allowed by state and federal regulations;

      (l)      Was otherwise negligent as will be determined in discovery.

14.    As a proximate result of the negligence and/or carelessness of the Defendants, Plaintiff, Rhonda Mack has suffered and will continue to suffer in the future, bodily harm and injuries including but not limited to: traumatic cervical sprain and strain, thoracic and lumbosacral sprain and strain, radiculopathy, disc herniations requiring injections, and other ills and injuries, all to his great loss and detriment.

15.    As a further result of this accident, Plaintiff has suffered from pain and suffering, a loss of life's pleasures, mental anguish and humiliation, and may continue to suffer same for an indefinite period of time into the future.

16.    As a further result of this accident, Plaintiff has been, presently, and will continue to be obliged to receive and undergo reasonable and necessary medical attention and care and to incur various expenses into the future for which the Defendants are responsible.

17.    Furthermore, Plaintiff suffered loss of wages.

WHEREFORE, Plaintiff demands judgment against defendants, WILLIAM SCHREFFLER and TWIN OAKS TOWING & AUTO SERVICE INC. and TWIN OAKS TOWING & REPAIR, INC., jointly and/or severally for compensatory and special damages, interest, costs and such other and further relief as the Court deems just and proper.

## COUNT II
### NEGLIGENCE-RESPONDENT SUPERIOR/NEGLIGENT ENTRUSTMENT
### PLAINTIFF, RHONDA MACK V. DEFENDANTS, TWIN OAKS TOWING & AUTO SERVICE INC. AND TWIN OAKS TOWING & REPAIR, INC

18. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 17 inclusive as fully as though the same were herein set forth at length.

19. The aforesaid collision and Plaintiff's resulting damages were proximately caused by the negligence of Defendants, TWIN OAKS TOWING & AUTO SERVICE INC. and TWIN OAKS TOWING & REPAIR, INC in that (through their servant):

(a) Failed to properly operate and safely control his vehicle;

(b) Failed to give full time and attention to the operation of his vehicle;

(c) Failed to control the speed of his vehicle so as to avoid the collision;

(d) Failed to control the speed of his vehicle so as to avoid colliding with another vehicle;

(e) Operated his vehicle in a careless and imprudent manner;

(f) Operated his vehicle at an unreasonable speed under the conditions then existing, without regards to the actual and potential hazard then existing;

(g) Failed to keep safe distance, specifically failed to properly back up;

(h) Operated his vehicle in a reckless manner;

(i) Operated his vehicle in an aggressive manner, in violation of the above statute;

(j) Failed to observe the position of Plaintiffs' vehicle occupied by the Plaintiffs when backing back

(k) Operated its vehicle in excess of the time allowed by state and federal regulations;

(l) Was otherwise negligent as will be determined in discovery.

20. Corporate defendants were also negligent in that:

(a) They entrusted its vehicle to Defendant-driver at a time when it knew or should have known he would operate it in a careless or negligent manner;

(b) They entrusted its vehicle to Defendant-driver at a time when it knew or should have known he would operate it so as to cause an injury to the individuals such as Plaintiff;

(c) They failed to properly supervise its driver;

(d) They failed to properly train its driver;

(e) They acted in such other ways as may be disclosed during discovery.

WHEREFORE, Plaintiff demands judgment against defendants, WILLIAM SCHREFFLER and TWIN OAKS TOWING & AUTO SERVICE INC. and TWIN OAKS TOWING & REPAIR, INC., jointly and/or severally for compensatory and special damages, interest, costs and such other and further relief as the Court deems just and proper.

### COUNT III
### NEGLIGENCE
**PLAINTIFF, CARLA WILLIAMS V. DEFENDANT, WILLIAM SCHREFFLER**

21. Plaintiffs incorporate by reference all of the allegations contained in paragraphs 1 through 20 inclusive as fully as though the same were herein set forth at length.

22. The aforesaid collision and Plaintiff's resulting damages were proximately caused by the negligence of Defendant, William Schreffler in that he:

(a) Failed to properly operate and safely control his vehicle;

(b) Failed to give full time and attention to the operation of his vehicle;

(c) Failed to control the speed of his vehicle so as to avoid the collision;

(d) Failed to control the speed of his vehicle so as to avoid colliding with another vehicle;

(e) Operated his vehicle in a careless and imprudent manner;

(f) Operated his vehicle at an unreasonable speed under the conditions then existing, without regards to the actual and potential hazard then existing;

(g) Failed to keep safe distance, specifically failed to properly back up;

(h) Operated his vehicle in a reckless manner;

(i) Operated his vehicle in an aggressive manner, in violation of the above statute;

(j) Failed to observe the position of Plaintiffs' vehicle occupied by the Plaintiffs when backing back

(k) Operated its vehicle in excess of the time allowed by state and federal regulations;

(l) Was otherwise negligent as will be determined in discovery.

23. As a proximate result of the negligence and/or carelessness of the Defendants, Plaintiff, Carla Williams has suffered and will continue to suffer in the future, bodily harm and injuries including but not limited to: traumatic cervical, thoracic and lumbar injuries, disc herniations, radiculopathy, and other ills and injuries, all to his great loss and detriment.

24. As a further result of this accident, Plaintiff has suffered from pain and suffering, a loss of life's pleasures, mental anguish and humiliation, and may continue to suffer same for an indefinite period of time into the future.

25. As a further result of this accident, Plaintiff has been, presently, and will continue to be obliged to receive and undergo reasonable and necessary medical attention and care and to incur various expenses into the future for which the Defendants are responsible.

26. Furthermore, Plaintiff suffered loss of wages.

WHEREFORE, Plaintiff demands judgment against defendants, WILLIAM SCHREFFLER and TWIN OAKS TOWING & AUTO SERVICE INC. and TWIN OAKS TOWING & REPAIR, INC., jointly and/or severally for compensatory and special damages, interest, costs and such other and further relief as the Court deems just and proper.

## COUNT IV
### NEGLIGENCE-RESPONDENT SUPERIOR/NEGLIGENT ENTRUSTMENT
### PLAINTIFF, CARLA WILLIAMS V. DEFENDANTS, TWIN OAKS TOWING & AUTO SERVICE INC. AND TWIN OAKS TOWING & REPAIR, INC

27. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 26 inclusive as fully as though the same were herein set forth at length.

28. The aforesaid collision and Plaintiff's resulting damages were proximately caused by the negligence of Defendants, TWIN OAKS TOWING & AUTO SERVICE INC. and TWIN OAKS TOWING & REPAIR, INC in that (through their servant):

(a) Failed to properly operate and safely control his vehicle;

(b) Failed to give full time and attention to the operation of his vehicle;

(c) Failed to control the speed of his vehicle so as to avoid the collision;

(d) Failed to control the speed of his vehicle so as to avoid colliding with another vehicle;

(e) Operated his vehicle in a careless and imprudent manner;

(f) Operated his vehicle at an unreasonable speed under the conditions then existing, without regards to the actual and potential hazard then existing;

(g) Failed to keep safe distance, specifically failed to properly back up;

(h) Operated his vehicle in a reckless manner;

(i) Operated his vehicle in an aggressive manner, in violation of the above statute;

(j) Failed to observe the position of Plaintiffs' vehicle occupied by the Plaintiffs when backing back

(k) Operated its vehicle in excess of the time allowed by state and federal regulations;

(l) Was otherwise negligent as will be determined in discovery.

29. Corporate defendants were also negligent in that:

(a) They entrusted its vehicle to Defendant-driver at a time when it knew or should have known he would operate it in a careless or negligent manner;

(b) They entrusted its vehicle to Defendant-driver at a time when it knew or should have known he would operate it so as to cause an injury to the individuals such as Plaintiff;

(c) They failed to properly supervise its driver;

(d) They failed to properly train its driver;

(e) They acted in such other ways as may be disclosed during discovery.

WHEREFORE, Plaintiff demands judgment against defendants, WILLIAM SCHREFFLER and TWIN OAKS TOWING & AUTO SERVICE INC. and TWIN

OAKS TOWING & REPAIR, INC., jointly and/or severally for compensatory and special damages, interest, costs and such other and further relief as the Court deems just and proper.

EDELSTEIN MARTIN & NELSON

BY: /s/ Peter K. Janczyk
Peter K. Janczyk
123 S. Broad Street, Suite 1820
Philadelphia, PA 19109
Attorney for Plaintiffs
